## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

**MIDLAND NATIONAL LIFE INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**JAMES HUSKEY,**

**Defendant.**

**CASE NO.**

**Judge** _____

## COMPLAINT FOR RESCISSION AND/OR DECLARATORY RELIEF

Plaintiff, Midland National Life Insurance Company ("Midland"), by and through its attorneys, Cotney Construction Law, and for its Complaint for Rescission and/or Declaratory Relief, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Midland is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business located in West Des Moines, Iowa, and is a citizen of the State of Iowa.

2.     Defendant James Huskey ("Huskey") is a citizen and resident of Jefferson County, Tennessee, and the life insured under the life insurance policy at issue.

3.     Midland's complaint seeks, *inter alia*, a declaration that it has no liability under an insurance policy bearing Policy No. 1505122398 issued on the life of James Huskey, with a face value of $100,000, because of material misrepresentations in the Policy Application.

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) in that diversity of citizenship exists between Midland and the defendant, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

1

5. Venue is proper in the Eastern District of Tennessee under 28 U.S.C. § 1391(b)(1), in that the defendant resides in this judicial district. Alternatively, venue is proper in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391(b)(2) in that this civil action is brought in the judicial district in which a substantial part of the events giving rise to Midland's action for declaratory judgment occurred.

## FACTUAL BACKGROUND

6. Huskey signed a General Purpose Individual Life Insurance Application ("Part 1") on March 27, 2017 and the Individual Life Insurance Application Part 2 ("Part 2") on April 3, 2017 to apply for a life insurance policy with Midland.

7. In reliance on the information Huskey provided in the Application Parts 1 and 2, Midland issued a life insurance policy, Policy No. 1505122398 (the "Policy"), on June 12, 2017 insuring the life of James Huskey with a face amount of $100,000. A true and correct duplicate copy of the policy, which includes and incorporates the applications described in paragraph 6 above, is attached hereto as Exhibit 1.[1]

8. Huskey designated his wife, Christina Huskey, as the primary beneficiary and his daughter, M.H., as the contingent beneficiary.

9. Question 31(a) of Part 1 asked:

In the past 10 years, has the Proposed Insured: used barbiturates, hallucinatory drugs, narcotics, including crack, ecstasy, opium derivatives, marijuana, LSD, PCP, or any derivatives of these drugs, or been advised by a licensed medical professional to get medical treatment or undergone any medical treatment, counseling or hospitalization for drug abuse?

Huskey answered, "No."

---

[1] Out of respect for defendant's privacy and to protect confidential and private information, Midland is attaching a redacted copy of Exhibit 1. Midland will provide a complete, unredacted copy to defendant or the Court upon request.

2

10. Question 10(a) of Part 2 asked:

In the past 10 years, has the Proposed Insured: used barbiturates, hallucinatory drugs, narcotics, including crack, ecstasy, opium derivatives, marijuana, LSD, PCP, or any derivatives of these drugs, or been advised by a licensed medical professional to get medical treatment or undergone any medical treatment, counseling or hospitalization for drug abuse?

Huskey answered, "No."

11. Huskey did not update his answers to Question 31(a) of Part 1 or Question 10(a)

of Part 2 at any time prior to delivery of the Policy.

12. Part 1 expressly states:

"statements and answers in this application, including the statements by the Proposed Insured in any medical questionnaire or supplement that become part of this application, are complete and true to the best knowledge and belief of the undersigned."

13. Part 1 also expressly states that the proposed insured will:

"immediately advise [Midland] of any change to any of the responses contained in the application, including any change in the health or habits of any Proposed Insured, that arises or is discovered after completing this application, but before the policy is effective, as defined herein."

14. Finally, Part 1 expressly states:

"Any person who knowingly presents a false statement in an application for insurance may be guilty of a criminal offense and subject to penalties under state law."

15. Part 2 of the Application required Huskey to agree that:

"by my signature affixed below or my electronic signature, which I understand is attached to this application electronically, I acknowledge that this agreement has been read in full by me and that statements and answers in this application, including statements by the Proposed Insured(s) in any medical questionnaires or supplement that become part of this application, are complete and true to the best knowledge and belief of the undersigned."

3

16. Part 2 of the Application also required Huskey to agree to:

"immediately advise the Company of any change to any of the responses contained in the application, including any change in the health or habits of any Proposed Insured(s), that arises or is discovered after completing this application, but before the policy or policy change is effective, as defined herein."

17. Finally, Part 2 contained a warning stating that:

"any person who knowingly presents a false statement in an application for insurance may be guilty of a criminal offense and subject to penalties under state law."

18. On or about August 26, 2018, Huskey submitted a claim for accelerated death benefit under the Policy (the "claim").

19. Less than two years passed between the date Midland issued the Policy (June 12, 2017, the Policy Date) and Huskey's claim, and therefore the two-year incontestable period set forth in the Policy has not yet expired.

20. After receiving notice of Huskey's claim, and during the course of its routine claim investigation, Midland discovered that Huskey had significant medical and health history that he omitted, misrepresented, and/or failed to disclose in the Application and to Midland.

21. During the course of its claim investigation, Midland obtained medical records from Dr. Michael Taite Seals, along with other doctors, which showed Huskey's material and significant medical and health history which started prior to delivery of the Policy.

22. Huskey did not disclose this significant medical and health history in response to questions asked of him in the Application or prior to delivery of the Policy.

23. Neither Midland nor any of its agents or representatives had knowledge of the false statements, misrepresentations, and/or omissions made by Huskey in the Application prior to conducting its routine investigation into the claim for Policy benefits.

4

24.     The false responses, misrepresentations, and/or omissions made by Huskey in the Application materially affected the acceptance of the risk and/or hazard assumed by Midland, in that had Midland known the true facts pertaining to Huskey's medical and health history, it would have declined coverage.

25.     Midland issued the Policy in reasonable reliance upon the representations Huskey made in the Application.

26.     On February 20, 2019, Midland advised Huskey that, because of material misrepresentations in the Application, his accelerated claim for death benefit was denied. Midland tendered checks in the amount of $777.76 to Huskey, equaling all premiums paid to Midland, plus any applicable interest.

27.     All conditions precedent to this suit have been met, satisfied, or waived.

## COUNT I – Rescission

28.     Midland repeats and realleges Paragraphs 1 through 27 as though fully set forth herein.

29.     Huskey omitted, misrepresented, and/or failed to disclose significant medical and health history on his Application.

30.     The significant medical and health history that Huskey omitted, misrepresented, and/or failed to disclose was material to Midland's evaluation and underwriting of the Policy.

31.     Midland has returned all premiums Huskey paid, plus applicable interest.

32.     Midland is entitled to a judgment rescinding the Policy.

## COUNT II – Declaratory Judgment

33.     Midland repeats and realleges Paragraphs 1 through 32 as though fully set forth herein.

5

34.     An actual controversy exists between the parties with respect to the Policy, and pursuant to 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure, this Court has the authority to enter a declaratory judgment as to the rights of the parties concerning the Policy.

35.     It is necessary and proper that this court adjudicate and declare that as a result of the events pled herein, Midland's liability under the Policy is limited to a return of the premiums paid into the Policy, which Midland has returned to Huskey.

**WHEREFORE,** Plaintiff, Midland National Life Insurance Company, respectfully requests:

A.     That proper process be issued and served upon Huskey, and that he be required to appear and answer this Complaint within the time period prescribed by law;

B.     That this Court enter judgment in favor of Midland National Life Insurance Company by rescinding Policy No. 1505122398, which judgment will set aside, cancel, and declare the Policy to be null and void;

C.     That this Court declare, adjudicate, and enter by judgment the rights and legal obligations of the parties to the matter in controversy, in particular, regarding the life insurance policy issued to Huskey, Policy No. 1505122398;

D.     That this Court declare, adjudicate, and enter by judgment that Policy No. 1505122398 is null and void and of no effect, and that Midland National Life Insurance Company has no obligations or liability thereunder other than to refund the premiums paid, which obligations Midland National Life Insurance Company has satisfied; and

E.     Enter all such other and further relief as is deemed proper and just, and that the costs of this cause be assessed against the defendant.

6

Dated: **March 7, 2019.**

Respectfully submitted,

**COTNEY CONSTRUCTION LAW, LLP**

By: ___/s/ Elizabeth S. Tipping_____
Elizabeth S. Tipping (#023066)
Lead Attorney
3201 Trevor Street, Suite 300
Nashville, TN 37209
(615) 647-5623 (tel)
etipping@cotneycl.com

*Attorneys for Plaintiff, Midland National Life Insurance Company*